IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| GREENBERRY'S FRANCHISING CORPORATION, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| vs. | : Civil Action No. 3:10cv-00045-NKM |
| ALICE Y. PARK et al., | :<br>: |
| Defendants. | :<br>:<br>: |

## MOTION OF DEFENDANTS ALICE Y. PARK, BRIAN T. PARK, AND GNT ENTERPRISE, INC., TO CHANGE VENUE

COME NOW Defendants Alice Y. Park, Brian T. Park, and GNT Enterprise, Inc. ("Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1404, and move this Court to transfer the above-captioned case from the Western District of Virginia to the Eastern District of Virginia, Alexandria Division. Transfer is mandated by 28 U.S.C. § 1391(b) because no defendant resides or may be found in the Western District of Virginia, Charlottesville Division, and because a substantial part of the events or omissions giving rise to this claim occurred in Loudoun County, Virginia. Transfer also is appropriate pursuant to 28 U.S.C. § 1404, for the convenience of the parties and witnesses and in the interest of justice, because all of the alleged violations of contract and all of the alleged violations of law claimed by Plaintiff in its Complaint occurred in Loudoun County.

In support of their motion to transfer venue, Defendants state as follows:

1. Greenberry's is a franchisor located in Charlottesville, Virginia, with approximately 8 franchise stores, at least 3 of which are or were located in the Northern Virginia area.

2. Defendant Alice Y. Park is a part owner of GNT Enterprise, Inc., which in turn operated two franchise stores in Northern Virginia, one in Reston, Virginia and one in Leesburg, Virginia (Loudoun County). The latter is the subject of this action.

3. Alice Y. Park and Brian T. Park reside in Reston, Virginia. GNT Enterprise, Inc., is based in Reston.

4. The other defendants are Anthony D. Han and Han Holding, Inc. ("Han Holding"), the parties who leased the subject store building after the Leesburg franchise was closed. Upon information and belief, Anthony Han resides in Alexandria, Virginia, and Han Holding is based in Alexandria.

5. Contrary to the conclusory allegation of Plaintiff in Paragraph 15 of its Complaint, the events at issue did not occur in Charlottesville, but rather in Leesburg, Virginia.

6. The claims here arise first out of a Transfer Agreement, Exhibit A to Plaintiff's Complaint, and its companion Franchise Agreement, Exhibit B to Plaintiff's Complaint.

7. The Complaint further alleges that on or about August 31, 2010, Defendants closed the franchise operation in Leesburg, and that Defendant Han thereafter opened an unauthorized Greenberry's franchise at the same location. *See* Compl. ¶¶ 37–46 (Dockt. Entry 1). The situs of all of this alleged nefarious activity occurred in Leesburg, Virginia.

8. While the Defendants, as shown in their Answer filed with this Motion, vigorously deny these allegations, and through witnesses and documents intend to show that Plaintiff has put a false spin on the events, nevertheless, all of the events, either for or against the

Defendants, involve the situs in Leesburg, and numerous witnesses to the events are all located in the Northern Virginia area. To Defendants' knowledge, only the owner of Greenberry's is in Charlottesville, and whatever first-hand knowledge he might possess had to have been acquired in Northern Virginia.

9. Examining the various counts of the Complaint the following becomes obvious:

(a) Count I: Breach of Contract. If there was a breach, the breach had to have occurred in Northern Virginia.

(b) Count II: Tortious Interference with Contract. If a tort was committed based on the alleged facts, it was committed in Northern Virginia.

(c) Count III: Tortious Interference with Business Relations and Business Expectancy. If this tort was committed, based upon the alleged facts, it was committed in Northern Virginia.

(d) Count IV: Statutory and Common Law Civil conspiracy. If there was a conspiracy between the two sets of defendants, then it had to have occurred in and around the situs or the residences, all of which are in Northern Virginia.

(e) Count V: Conversion. If any assets were converted as alleged, then the conversion took place in and around the situs in Northern Virginia.

(f) Count VI: Violation of the Virginia Uniform Trade Secrets Act. This allegation relies on prior allegations in the Complaint, and therefore had to have occurred in Northern Virginia.

(g) Count VII: Computer Fraud and Computer Trespass under the Virginia Computer Crimes Act. If Defendants Anthony D. Han and Han Holding stole anything from computers on the premises in Leesburg, clearly this is an act occurring in Northern Virginia.

(h) Count VII: Trademark Infringement. The factual allegations contained in the Complaint all refer to events in Leesburg, in Northern Virginia.

(i) Count IX: False Designation of Origin. The same facts would apply, and all events are in Northern Virginia.

(j) Count X: Common Law Trademark Infringement and Unfair Competition. Again the same facts, and all in Northern Virginia.

10. The following potential witnesses have direct knowledge of the events surrounding this litigation and are all located within the Eastern District of Virginia, Alexandria Division, or in Washington, D.C. (and thus nearer to Alexandria than to Charlottesville):

1. All of the Defendants

2. Stephen Gavula
   Matthew J. Carlin
   2716 Dorr Avenue
   Fairfax, VA 22031

3. Tricia Mangum and Gary Schlarqer
   1155 Connecticut Avenue NW #700
   Washington, DC 20036

4. Miscellaneous former employees of defendant GNT Enterprise, Inc., located in Northern Virginia.

## POINTS AND AUTHORITIES

1. In relevant part, 28 U.S.C. § 1391 provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought *only* in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *See* 28 U.S.C. § 1391.

2. Plaintiff bears the burden of establishing that venue is appropriate in this district. *See Hodson v. A.H. Robins Co., Inc.*, 528 F. Supp. 809, 812 (E.D. Va. 1981), *aff'd* 715 F.2d 142 (4th Cir. 1983); *Bartholomew v. Virginia Chiropractors Association, Inc.*, 612 F.2d 812 (4th Cir. 1979).

3. 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

4. While the decision as to whether to transfer an action under 28 U.S.C. § 1404(a) is directed to the sound discretion of the Court, the court should consider the access to the sources of proof as well as the convenience of the parties and the witnesses. While § 1404(a) was derived in part from the common law doctrine of *forum non conveniens*, the section is broader and grants the court broader discretion. *Cognitronics Imaging Sys. v. Recognition Research*, 83 F. Supp. 2d 689 (E.D. Va. 2000); *Southern Railway Company v. Madden*, 235 F. 2d 198 (4th Cir. 1956).

5. Plaintiff's choice of Charlottesville as its preferred forum is entitled to substantial weight. Because a substantial part of the events or omissions giving rise to the claim occurred, however, in Loudon County, Virginia, and because Defendants and virtually all witnesses reside there, this Court must transfer this case. *See* 28 U.S.C. § 1391; 28 U.S.C. § 1404; *D'Addario v. Geller*, 264 F. Supp.2d 367, 391 (E.D. Va. 2003).

WHEREFORE, because venue in the Western District of Virginia, Charlottesville Division, is improper under 28 U.S.C. § 1391, and because venue here is inconvenient and burdensome for all but Plaintiff and its counsel, Defendants request that this Court transfer this action to the Eastern District of Virginia, Alexandria Division, and grant all such further relief as it deems meet and just.

    Respectfully submitted,

    ALICE Y. PARK
    BRIAN T. PARK
    GNT ENTERPRISE, INC.

    By Counsel

    s/ Meghan Cloud
    Mark P. Friedlander, Jr.*
    Friedlander, Friedlander & Earman, P.C.
    Virginia State Bar No. 4773
    1364 Beverly Road, Suite 201

>McLean, VA 22101
>(703) 893-9600
>(703) 893-9650 (facsimile)
>mpfriedlander@verizon.net
>
>Meghan Cloud
>McGuireWoods LLP
>Virginia State Bar No. 68044
>Court Square Building
>310 4th Street, N.E., Suite 300
>Charlottesville, VA 22902-1288
>(434) 977-2534
>(434) 980-2254 (facsimile)
>mcloud@mcguirewoods.com
>
>*Counsel for Defendants GNT Enterprise, Inc., Alice Y. Park, and Brian T. Park*
>
>*Admission to practice in the W.D. Va. to be sought pursuant to W.D. Va. Gen. R. 6(c)

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send electronic notification of such filing to the individuals listed below:

>Patrick C. Asplin
>Richard Armstrong
>Nancy R. Schlichting
>Lenhart Obenshain PC
>100 10th Street, N.E., Suite 300
>Charlottesville, VA 22902
>pca@lolawfirm.com
>rca@lolawfirm.com
>nrs@lolawfirm.com
>
>*Attorneys for Plaintiff*
>
>s/ Meghan Cloud

\18145593.1