IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division


GREENBERRY'S FRANCHISING CORPORATION

and

GREENBERRY'S COFFEE ROASTERS, INC.

      Plaintiffs


v.                        CIVIL ACTION NO. 1:10-cv-01408

ALICE Y. PARK, *et al.*

      Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COME NOW, the Plaintiffs, Greenberry's Franchising Corporation ("Greenberry's) and Greenberry's Coffee Roasters, Inc. ("Coffee Roasters"), and respectfully submit this memorandum in support of their Motion for Leave to File Amended Complaint.

## PROCEDURAL HISTORY

This case arises out of the actions of the Defendants, Alice Park, Brian Park, GNT Enterprise, Inc. ("GNT"), Anthony Han ("Han") and Han Holding, Inc. ("Han Holding") in connection with a Greenberry's coffee shop in Leesburg, Virginia (the "Leesburg Franchise") that was owned and operated by Alice Park pursuant to a Franchise Agreement with Greenberry's (the "Franchise Agreement"). The Plaintiffs allege that Alice Park committed numerous breaches of the Franchise Agreement and that the Defendants acted tortiously in

connection with the improper and unlawful transfer of the Leesburg Franchise and its assets to Mr. Han and/or Han Holding.

On August 12, 2010, Greenberry's filed a Complaint in the United States District Court for the Western District of Virginia, Charlottesville Division asserting a claim for breach of contract against Alice Park and asserting claims for various business torts against the Defendants.  With the exception of Han Holding, each Defendant filed an Answer denying the claims asserted against such Defendant. With their Answer, Defendants Alice Park, Brian Park and GNT filed a Motion to Change Venue seeking to transfer this action to this Court pursuant to F.R.C.P. 12(b)(3), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404 (Docket No. 19).  Han and Han Holding subsequently filed a Motion to Adopt and Conform, adopting the Motion to Change Venue previously filed by the other Defendants (Docket No. 22).   Defendant Han Holding also filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) alleging that the Complaint failed to state a cause of action against Han Holding because it incorrectly referred to Han Holding as "Han Holdings" or "Han Enterprises" (Docket No. 24).  Greenberry's opposed the Motion to Dismiss, arguing that a clerical error of this nature did not justify dismissal pursuant to F.R.C.P. 12(b)(b), and, alternatively, seeking leave to file an Amended Complaint to consistently refer to "Han Holding" throughout the Amended Complaint (Docket No. 29).

On November 15, 2010, the Honorable Norman K. Moon heard oral argument on the Defendants' motions to transfer venue and Han Holding's Motion to Dismiss.  By Order dated December 10, 2010, Judge Moon granted the Defendants' motions seeking transfer of this action to this Court.   Having decided to transfer the case, Judge Moon declined to rule on Han Holding's Motion to Dismiss (Docket Nos. 38, 39).

### SUMMARY OF PROPOSED AMENDMENTS TO COMPLAINT

The Plaintiffs seek to amend the Complaint primarily to add Coffee Roasters as a plaintiff. The proposed Amended Complaint also corrects the references to Defendant Han Holding and consistently refers to this Defendant throughout the Amended Complaint as "Han Holding." The Amended Complaint does not contain any new material factual allegations and does not seek to assert any additional causes of actions or claims.

### ARGUMENT

The Plaintiffs respectfully submit that they should be granted leave to file the Amended Complaint because the proposed amendments are very limited in nature and scope, cause no prejudice to the Defendants, and will not result in any delay of the adjudication of this claim.

The Plaintiffs assert that Coffee Roasters is a third-party beneficiary of the Franchise Agreement because the Franchise Agreement expressly required Alice Park to purchase coffee from Greenberry's affiliates or subsidiaries and to purchase non-coffee products from manufacturers, suppliers or distributors designated by Greenberry's or from suppliers who meet Greenberry's specifications and standards with respect to quality, appearance, performance and prices (Amended Complaint, ¶¶ 35(e), 35(f)). During her ownership and operation of the Leesburg Franchise, Alice Park consistently and regularly purchased coffee for the Leesburg Franchise from Coffee Roasters, which is an affiliate of Greenberry's (Amended Complaint, ¶¶ 3, 41). Alice Park also consistently and regularly purchased non-coffee products for the Leesburg Franchise from Coffee Roasters (Amended Complaint, ¶ 42).

The contractual language of the Franchise Agreement and the parties' course of conduct clearly establishes that Greenberry's and Alice Park intended to confer a benefit on Coffee Roasters. Accordingly, although Coffee Roasters is not a party to the Franchise Agreement, it

has standing and privity to pursue claims for economic loss resulting from the breach of such contract.  See Ward v. Ernst & Young, 246 Va. 317, 330-331, 435 S.E. 2d 628 (1993) ("This Court enforces third-party beneficiary contracts when "the third party…shows that the parties to the contract clearly and definitely intended to confer a benefit upon him." (quoting Professional Realty v. Bender, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976)); Bank of America v. Gary Musselman, *et al*., 240 F.Supp. 2d 547, 553 (E.D. Va. 2003).

The value of coffee and non-coffee product sales is a significant component of the bargain that Greenberry's negotiated on its behalf and on behalf of its affiliates when agreeing to the Franchise Agreement.  Consequently, the loss of the revenue expected from such sales represents a significant element of the Plaintiffs' damages with respect to their breach of contract and tort claims.  While F.R.C.P. 17(a)(F) arguably permits Greenberry's to pursue claims for damages sustained by Coffee Roasters as a result of the Defendants' conduct without joining Coffee Roasters as a party, it is in the interests of justice that Coffee Roasters be formally joined to this action as a plaintiff.  Primarily, such joinder will assist the parties by clarifying the specific elements of the Plaintiffs' claims for damages, thereby assisting the parties in discovery and avoiding potential disputes as to whether losses sustained by Coffee Roasters can be recovered by Greenberry's.

Moreover, allowing the Plaintiffs leave to file an Amended Complaint and join this action as a plaintiff will serve to reduce the risk of a multiplicity of lawsuits and will enable the Court to grant complete and dispositive relief in one action.  If Coffee Roasters is not joined a plaintiff to this action, its status as third-party beneficiary of the Franchise Agreement would enable Coffee Roasters to bring a separate action asserting claims for breach of contract and business torts against some or all of the Defendants.  This would result in the parties unnecessarily

incurring additional costs and expenses and constitute a waste of judicial resources.   In this respect, joinder of Coffee Roasters as a plaintiff is also proper pursuant to F.R.C.P. 19(a)(1)(B)(ii) because (1) joining Coffee Roasters as a plaintiff will not deprive this Court of subject-matter jurisdiction; (2) Coffee Roasters claims an interest relating to the subject of this action; and (3) disposing of this action in Coffee Roaster's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Finally, granting the Plaintiff's motion will cause no prejudice to the Defendants and will not result in any delay in the adjudication of this action.   The Defendants are aware that Greenberry's existing claim for damages includes losses sustained relating to Coffee Roasters' sale of coffee and non-coffee products to Greenberry's franchisees.   Further, this action is still at a very early stage given the delay caused to date by the motion to transfer venue and the transfer of this case.   In fact, all of the parties are not even at issue as Han Holdings' Motion to Dismiss remains pending before this Court.

F.R.C.P. 15(2) states that the Court should "*freely give leave when justice so requires*." As this Court has noted, leave to file an amended pleading should generally be granted unless an amendment would causes undue prejudice or delay, or is filed in bad faith or with an improper purpose.  Stewart v. Angelone, 186 F.R.D. 342, 343-344 (E.D. Va. 1999).  See also  Roper v. County of Chesterfield, 807 F. Supp. 1221, 1224 (E.D. Va. 1992) ("*Leave to amend is granted liberally…., and to justify a denial of leave, it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial, or otherwise contrary to the interests of justice.*").

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully move this Court, pursuant to F.R.C.P. 15(a), or, alternatively, pursuant to F.R.C.P. 19(a), for leave to file the Amended Complaint in the form attached as Exhibit 1 to the Plaintiff's Motion for Leave to File Amended Complaint.

Respectfully submitted this 15th day of December 2010.

GREENBERRY'S FRANCHISING CORPORATION
GREENBERRY'S COFFEE ROASTERS, INC.

By Counsel

/s/ Richard Armstrong
PATRICK C. ASPLIN (VSB #46620)
RICHARD ARMSTRONG (VSB #46053)
NANCY R. SCHLICHTING (VSB #65909)
Counsel for Greenberry's Franchising Corporation
and Greenberry's Coffee Roasters, Inc.
Lenhart Obenshain PC
100 10th Street N.E., Suite 300
Charlottesville, Virginia 22902
(434) 220-6100
(434) 220-6102 (Fax)
pca@lolawfirm.com
rca@lolawfirm.com
nrs@lolawfirm.com

LO.270185.DOC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2010, I electronically filed the foregoing *Memorandum in Support of Plaintiffs' Motion for Leave to File Amended Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Meghan M. Cloud
McGuire Woods LLP
Court Square Building
310 4th Street, N.E. Suite 300
Charlottesville, VA 22902
Counsel for Defendants Alice Park, Brian Park and GNT Enterprises, Inc.

Peter W. Rim
Andrew E. Macfarlane
Lohrmann & Rim, P.C.
7700 Little River Turnpike, Suite 506
Annandale, VA 22003
Counsel for Defendants Anthony Han and Han Holding, Inc.

I further certify that on December 15, 2010, I mailed by United States Postal Service, the foregoing *Memorandum in Support of Plaintiffs' Motion for Leave to File Amended Complaint* to the following non-CM/ECF Participant:   Mark P. Friedlander, Jr., Esquire, Friedlander, Friedlander & Earman, P.C., 1364 Beverly Road, Suite 201, Mclean, VA  22101, as co-counsel for defendants Alice Park, Brian Park, and GNT Enterprises, Inc.

<div style="margin-left:50%">

/s/ Richard Armstrong
PATRICK C. ASPLIN (VSB #46620)
RICHARD ARMSTRONG (VSB #46053)
NANCY R. SCHLICHTING (VSB #65909)
Counsel for Greenberry's Franchising Corporation
and Greenberry's Coffee Roasters, Inc.
Lenhart Obenshain PC
100 10th Street N.E., Suite 300
Charlottesville, Virginia 22902
(434) 220-6100
(434) 220-6102 (Fax)
pca@lolawfirm.com
rca@lolawfirm.com
nrs@lolawfirm.com

</div>

7